# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | | |
|---|---|---|
| SHALONDA HAGGARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:23-cv-1-TBM-RPM |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| JOHN DOES 1-10 | * | |
| | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Forrest County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Wal-Mart in the Circuit Court of Forrest County, Mississippi, entitled "*Shalonda Haggard, Plaintiff v. Wal-Mart Stores East, LP*" Civil Action No. 18CI1:22-CV-00194 . Attached as Exhibit "A" is the state court file in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Forrest County, Mississippi, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on December 6, 2022, which was Wal-Mart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Eastern Division, within thirty days of receipt by the Defendant of other papers setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Forrest County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi. In her Complaint, Plaintiff states that she is a resident of Mississippi. (Complaint, ¶ 1.)

6. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a Delaware limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of

this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Walmart Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Walmart Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7.  Plaintiff's Complaint seeks unspecified actual/compensatory damages for personal injuries to Plaintiff, Shalonda Haggard, including past, present and future physical pain and suffering, past, present and future medical expenses, past, present, and future loss of enjoyment of life, past, present, and future emotional and mental pain and suffering, permanent impairment and disability, and loss of earnings. (Complaint, ¶ 17).

8.  On October 26 2022, Plaintiff's counsel sent a pre-suit demand to Wal-Mart alleging that Plaintiff injured her left knee causing a complex tear of the medial meniscus, a sprain of the ligaments and an ACL reconstruction procedure to her left knee which required hours of physical therapy and significant mental anguish as the direct and proximate result of her incident at Wal-Mart. According to Plaintiff's counsel, Plaintiff was treated by Comprehensive Radiology Services, Forrest General Hospital, Relias Emergency Medical Specialist, and the Hattiesburg Clinic and incurred medical

expenses in the amount of Twelve Thousand, Eight Hundred Four Dollars ($12,804.00) and demanded the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) to settle this matter. (Exhibit "B").[1]

9. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the requirements for federal jurisdiction are not apparent on the face of the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 352 F.3d 636, 638-39 (5th Cir. 2003). . "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional." *Dart v. Cherokee Basin Operating Co. v. of Owens*, 135 S. Ct. 547, 554 (2014). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant seeking removal can establish jurisdictional facts by a preponderance in a number of ways: By contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008)(quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). *See also Brookins v. State Farm Mutual Automobile Insurance Company,* 2021 WL 1233474 * 4 (S.D. Miss. March 31, 2021)

---

[1] Wal-Mart has not attached Plaintiff's billing records as an exhibit to protect Plaintiff's privacy. Redacted copies of those records will be provided to the Court upon request.

10.	This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

11.	Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Forrest County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

12.	If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted January 5, 2023.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET  (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND      (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:	(251) 433-1577
Facsimile:	(251) 433-7994

CERTIFICATE OF SERVICE

      I hereby certify that I have on this day January 5, 2023 served a copy of the foregoing pleading upon counsel as listed below by electronically filing, email, and/ordepositing the same in the U. S. Mail, postage prepaid and properly addressed.

Harry M. McCumber
Morgan & Morgan, P.A.
4450 Old Canton Road, Suite 200
Jackson, MS 39211

                                                                  */s/ W. Pemble DeLashmet*
                                                                   OF COUNSEL